HOLLAND & KNIGHT LLP
Shelley G. Hurwitz (State Bar #217566)
400 S. Hope St., 8th Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

Attorneys for Defendant, Cross-Complainant, and Cross-Defendant Victor Technologies International, Inc., erroneously sued herein as Victor Technologies International, Inc.; Turbotorch

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MITCHELL WALTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WESTERN INDUSTRIES, INC., VICTOR TECHNOLOGIES INTERNATIONAL, INC., TURBOTORCH; GOSS, INC. and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | CASE NO. SACV 13-1503 JLS (ANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Date: March 20, 2015<br>Time: 2:30 pm<br>Courtroom 10a<br><br>Trial Date:　　　May 12, 2015 |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................1

II. STATEMENT OF FACTS ...................................................................................1

    A. Plaintiff's Claims ......................................................................................1

    B. Plaintiff Settles With Victor For a Payment of $27,500 ........................2

    C. Plaintiff Refuses To Adhere To His Obligations Under The Settlement ...................................................................................................3

III. ARGUMENT .........................................................................................................3

    A. This Court Has The Authority To Enforce The Settlement Agreement ..................................................................................................3

    B. The Settlement Between Victor and Plaintiff Should Be Enforced .....................................................................................................6

IV. CONCLUSION ......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT & T Mobility LLC v. Yeager*,
   2014 WL 6633374 (E.D.Cal. 2014) ..............................................................5, 6, 7

*Banner Entertainment, Inc. v. Superior Court*,
   62 Cal.App.4th 348 (1998)................................................................................... 7

*Callie v. Near*,
   829 F.2d 888 (9th Cir. 1987)................................................................................ 3

*Dacanay v. Mendoza*,
   573 F.2d 1075 (9th Cir.1978).............................................................................. 3

*Facebook, Inc. v. ConnectU, Inc.*
   2008 WL 8820476 (N.D.Cal.)............................................................................. 6

*Hensley v. Alocon Laboratories*,
   277 F.3d 535 (4th Cir. 2002)........................................................................4, 5, 8

*Inamed Corp. v. Kuzmak,*
   275 F.Supp.2d 1100 (C.D.Cal.2002) .................................................................. 6

*Khajavi v. Feather River Anesthesia Medical Group*,
   84 Cal.App.4th 32 (2000) ................................................................................... 7

*Levy v. Superior Court*,
   10 Cal.4th, 578, 586 n. 5 (1995).......................................................................... 6

*Schaffer v. Litton Loan Servicing, LP*
   2010 WL 9951762 (C.D.Cal)............................................................................... 6

*Sheikhpour v. Chevron U.S.A. Inc.,*
   2011 WL 9692398 (9th Cir).................................................................................6

*Tai Ham v. Selectron Intern. Optronics, LLC*,
   324 Fed.Appx. 583 (9th Cir. Cal. 2009).............................................................. 6

*Tiger Bay Village Corp. v. Yihe Corp.*,
   2014 WL 3662259 (C.D.Cal. 2014) .................................................................... 5

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

**Other Authorities**

Schwarzner, Tashima & Wagner, *Fed. Civ. Proc. Before Trial*, §1:1124 ................... 4

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Mitchell Walter ("Plaintiff") entered into an explicit agreement to settle this matter with defendant Victor Technologies International, Inc. ("Victor") for a payment by Victor to Plaintiff of $27,500. Plaintiff has now refused to adhere to the settlement and honor his agreement.

This court has the inherent authority to enforce this settlement agreement, and should exercise it because the settlement between these parties is complete, and the terms and conditions are understood – a payment in exchange for dismissal of the action. Victor respectfully requests that this Court enter an order enforcing the settlement agreement and require Plaintiff to dismiss this action against Victor in exchange for a payment of $27,500.

## II. STATEMENT OF FACTS

### A. Plaintiff's Claims

Plaintiff Mitchell Walter sustained burn injuries while using a handheld-torch manufactured by Victor, that was attached to a MAPP gas cylinder manufactured by defendant Western Industries ("Western") and sold by defendant Goss, Inc. ("Goss"). He filed this product liability matter on August 16, 2013, which was removed to this court under diversity jurisdiction on September 23, 2013. *See* Dkt. No. 1.

Plaintiff's burn injuries have all resolved. *See* Walter Trans, Pg. 80, Exh. 8. He has no visible scars, and does not experience any pain associated with the injuries he sustained. *See* Walter Trans, Pgs. 91. He has no permanent disability, requires no further treatment and is back to work full-time. *See id.* His medical bills totaled $27,000 and were paid by his employer's worker's compensation insurance. *See* Walter Trans, Pg. 53; *See also* Plaintiff's Supplemental Initial Disclosures, Exh. 8. Mr. Walter was reimbursed by the worker's compensation insurer for all out-of-pocket expenses related to the incident. *See* Walter Trans, Pg. 55. Mr. Walter has

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

stated a loss of earnings claim of $7,000. Plaintiff's Supplemental Initial Disclosures, Exh. 9.

### B. Plaintiff Settles With Victor For a Payment of $27,500

All parties engaged in a mediation on September 30, 2014. Hurwitz Decl., ¶3. No parties settled at that mediation. *Id.* In December 2014, Plaintiff and Victor renewed negotiating a settlement of Plaintiff's claims against Victor and exchanged several offers and demands by telephone. On or about December 29, 2014, Victor's counsel, Shelley Hurwitz called Plaintiff's counsel Kevin Liebeck and made a settlement offer from Victor to Plaintiff of a payment of $27,500 in exchange for the dismissal of Plaintiff's claims against Victor. Mr. Liebeck confirmed that he would speak to his client about this offer, and that he would get back to Ms. Hurwitz. Ms. Hurwitz also advised Mr. Liebeck during that call that Victor would be moving for a good faith settlement determination once he accepted Victor's settlement offer.

In response to plaintiff's October 29, 2014 offer, Mr. Liebeck emailed Ms. Hurwitz the next day (December 30, 2014) and accepted, in writing and on his client's behalf, Victor's offer to settle this action for $27,500:

> "Shelly, Plaintiff will settle at $27,500 as to Victor ONLY. Best, Kevin."

Hurwitz Decl., ¶5, Exh. 1.

Victor and Plaintiff's settlement agreement was explicit and unambiguous. Accordingly, Victor began to act in reliance on it. Hurwitz., ¶6.

In further confirmation of the settlement agreement, Victor sent a formal settlement agreement to Plaintiff, with a stipulation for entry of an order deeming the settlement to be in good faith, on January 2, 2015. Hurwitz Decl., ¶5, Exh. 11.

Then, in further reliance on the settlement agreement, Victor emailed Goss and informed them of the settlement agreement and subsequently Victor and Goss exchanged emails in which they agreed to dismiss their cross-claims against each other. Hurwitz Decl., ¶9-10; Exhs. 3-4. The stipulation of dismissal of Victor's cross-claim was the served on Plaintiff on January 7, 2015. Hurwitz Decl., ¶10.

Victor then conferred with all counsel in an effort to obtain a stipulation to the good faith of the settlement, or to hold a Rule 7 Local Meeting of Counsel in preparation for a motion for a good faith settlement. Hurwitz Decl., ¶9; Exh. 3.

Finally, in reliance on the settlement agreement with plaintiff, Victor instructed its expert to cease all further work. Hurwitz Decl., ¶12; Exh. 6.

### C. Plaintiff Refuses To Adhere To His Obligations Under The Settlement

On January 7, 2015, Mr. Liebeck telephoned Victor's counsel and advised her that he intended to renege on the parties' explicit agreement to settle this matter. Specifically, he said that Plaintiff would no longer dismiss his claims in exchange for a payment of $27,500 because he believed Western's expert report contained a theory of liability against Victor. He did not specify what that theory was, nor did he reference any theory that plaintiff had against Victor.[1]

## III. ARGUMENT

### A. This Court Has The Authority To Enforce The Settlement Agreement

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987); *See also Dacanay v. Mendoza,* 573 F.2d 1075, 1078 (9th Cir.1978). As plaintiff's claims remain pending, this court has the jurisdiction to consider this motion.

---

[1] Defendant Western Industries served its expert report on January 5, 2015. A true and correct copy of Plaintiff's experts' report is attached as Exhibit 7 to the Hurwitz Declaration. Western Industries' expert report was not directed towards Victor and contains no design or manufacturing defect theory of liability against the hand-held torch manufactured by Victor. *See id.* Further, plaintiff's own expert report also concluded that the Victor torch performed properly: ". . . the Victor Turbotorch did not fail in the incident that caused injuries to Mr. Walter."

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400 Fax: 213.896.2450

1. **This Court Has The Inherent Authority To Enforce A Completed Settlement Agreement**

A federal court has inherent authority to enforce settlement agreements that have not been reduced to a formal written settlement agreement (even if reached outside court) pursuant to motion. Schwarzner, Tashima & Wagner, *Fed. Civ. Proc. Before Trial*, §1:1124 [Rutter]. The power to enforce a settlement can be exercised as long as the terms have been agreed to, even if none of its terms was put on the record or reduced to writing, so long as the moving party demonstrates there was in fact such an agreement. *Id.*

In *Hensley v. Alocon Laboratories,* 277 F.3d 535 (4th Cir. 2002), the defendant employer removed a wrongful termination case to federal court under diversity jurisdiction. *Id.* at 538. The parties settled the matter at a settlement conference (but not on the record) for $9,000, and exchanged drafts of a written settlement agreement. *Id.* The plaintiff thereafter refused to sign the settlement agreement. *Id.* The defendant filed a motion to enforce the settlement. *Id.* In considering the plaintiff's appeal of the district court's grant of the enforcement motion, the Fourth Circuit explained:

> [D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements. The exercise of this authority has the practical effect of entering a judgment by consent. Because exercise of the authority to enforce settlement agreements depends on the parties' agreement to a complete settlement, the court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of that agreement. . . . Thus, if an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is comparatively

insubstantial. *Having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement, and the fact that the agreement is not in writing does not render it unenforceable.* Thus, to exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions. (internal citations and quotations omitted).

*Id*. at 540-541.   [*emphasis added*]

The Circuit Court in *Hensley* found that the district court should have held a plenary evidentiary hearing prior to granting the motion to enforce the settlement, and remanded the matter to the district court to conduct a hearing: "if the court finds that a settlement was reached and is able to determine the terms and conditions of the settlement, it may enforce the settlement agreement through an order." *Id.* at 542; *See also Tiger Bay Village Corp. v. Yihe Corp.*, 2014 WL 3662259 (C.D.Cal. 2014)(Diversity jurisdiction: "To be enforced, a settlement agreement must meet two requirements.  First, it must be a complete agreement. Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. Thus, if parties have agreed to be bound by a complete settlement agreement, a court may enter a judgment pursuant to the agreement's terms.")(internal citations omitted).

In *AT & T Mobility LLC v. Yeager,* 2014 WL 6633374 (E.D.Cal. 2014), the district court considered whether a settlement agreement was enforceable in a malpractice action removed to the district court under diversity jurisdiction.  In holding that the oral out-of court settlement agreement was enforceable, the Court considered whether the agreement was a binding contract under California law:  "In California, an oral agreement may give rise to a binding contract.  If two parties reach an oral agreement, that agreement may in some cases be enforced even if the parties expected a written agreement would follow. A negotiated oral agreement becomes

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT
AGREEMENT

binding, even when the parties expected to sign a written agreement, only if the oral agreement's terms are "definitely understood." *Id.* at *2 (internal citations omitted)[2].

Thus, whether considered under the court's inherent authority or by applying California contract law, this Court should enforce the settlement between Victor and Plaintiff if it finds that:

1. Plaintiff and Victor entered into a complete agreement.
2. The terms and conditions of the agreement are understood.

Here, both conditions are satisfied and the Court should enforce the settlement agreement.[3]

B. **The Settlement Between Victor and Plaintiff Should Be Enforced**

Plaintiff and Victor entered into a complete agreement. The terms and conditions were simple, understood by all parties, and can be understood by this Court. Victor agreed to pay to plaintiff the sum of $27,500, which Plaintiff agreed to accept in exchange for dismissal of his claims against Victor. Plaintiff's memorialized his agreement to the settlement in writing from his counsel:

---

[2] *See also Sheikhpour v. Chevron U.S.A. Inc.,* 2011 WL 9692398 (9th Cir)(Complaint filed in Central District of California included state law claims; Ninth Circuit affirmed plaintiff's motion to enforce the parties' settlement agreement); *Tai Ham v. Selectron Intern. Optronics, LLC,* 324 Fed.Appx. 583 (9th Cir. Cal. 2009)(jurisdiction based on diversity).

[3] To the extent plaintiff may argue that the California enforcement procedural statute CCP §664.6 applies in this diversity action, it does not supersede this court's inherent authority to enforce a settlement agreement. While the statute creates an expedited procedure for the enforcement of certain settlement agreements, it does not supplant other available means of enforcing a settlement contract. *Schaffer v. Litton Loan Servicing, LP* 2010 WL 9951762 fn. 58 (C.D.Cal); *Inamed Corp. v. Kuzmak,* 275 F.Supp.2d 1100, 1119 (C.D.Cal.2002)(The California Supreme Court has not construed § 664.6 to mean that "no settlement agreement is enforceable in California unless signed by the client him or herself".); *See also Facebook, Inc. v. ConnectU, Inc.* 2008 WL 8820476 (N.D.Cal.) ("In addition to the statutory power [of 664.6] to enter a judgment, the court's enforcement powers include the inherent authority to order a party's specific performance of acts required by the settlement agreement and to award damages or other sanctions for noncompliance."); *Levy v. Superior Court*, 10 Cal.4th, 578, 586 n. 5 (1995)("We note that this statutory procedure is not the exclusive means to enforce a settlement.")

Shelly,

Plaintiff will settle at $27,500 as to Victor ONLY.

Best, Kevin.

Exh.1.

The settlement terms were and are very simple:

    **a.** **Victor pays Mr. Walter $27,500.**

    **b.** **Plaintiff dismisses the case against Victor.**

    **c.** **Victor would seek a good faith settlement determination.**

While Victor did send a formal written settlement agreement to Plaintiff, the parties never discussed the need for a formal written agreement to consummate the settlement. *AT & T Mobility LLC v. Yeager,* 2014 WL 6633374 (E.D.Cal. 2014)("If two parties reach an oral agreement, that agreement may in some cases be enforced even if the parties expected a written agreement would follow"). The same is true under California contract law. *Khajavi v. Feather River Anesthesia Medical Group,* 84 Cal.App.4th 32, 61-62 (2000)("Negotiations can result in a binding oral contract "when all of the terms are definitely understood, even though the parties intend to later execute a formal writing."); *See also Banner Entertainment, Inc. v. Superior Court,* 62 Cal.App.4th 348, 358 (1998). Indeed, Victor understood (as Plaintiff did) that the matter had been settled, and, in reliance on its settlement agreement with Plaintiff, Victor:

    1. Dismissed its cross-claims against Goss, in exchange for Goss dismissing its claims against Victor. Hurwitz Decl., ¶10; Exh. 4. The dismissal of Victor's cross-claim was served on Plaintiff on January 7, 2015.

    2. Conferred with all counsel in an effort to obtain a stipulation to the good faith of the settlement, or to hold a Rule 7 Local Meeting of Counsel. Hurwitz Decl., ¶9; Exh. 3.

    3. Prepared a Motion for Good Faith Settlement. Hurwitz Decl., ¶9;

4.  Instructed its expert to cease all further work. Exh. 6.

In sum, the terms and conditions of Victor and Plaintiff's complete agreement are easily understood, and the court should therefore enforce the settlement.

Plaintiff's only reason for not adhering to his obligations under the agreement were his "second thoughts" about the settlement apparently based on his misreading of aspects of Western's expert report, a report that presents no product liability defect theory of liability against Victor.  Hurwitz Decl., ¶14.  Plaintiff cannot unilaterally rescind the binding settlement agreement based on his "second thoughts."  *See Hensley*, at 540-541.  The settlement agreement must be enforced.

## IV. CONCLUSION

For the reasons set forth above, Victor respectfully requests that the Court grant the instant motion, and issue an order requiring plaintiff to dismiss this action upon payment of $27,500 by Victor to Plaintiff.

Respectfully submitted,

January_21, 2015         HOLLAND & KNIGHT LLP


By: /s/ Shelley Hurwitz
    Shelley G. Hurwitz
    *Attorney for Defendant and Cross-Defendant Victor Technologies International, Inc.*

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2015, I electronically filed the foregoing with the Clerk of Court using the EM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

                                        /s/ Shelley G. Hurwitz
                                        Shelley G. Hurwitz